596 F.2d 719
 101 L.R.R.M. (BNA) 2417, 86 Lab.Cas. P 11,386
 Bernard LEVINE, Regional Director for Region 8 of the
National Labor Relations Board, for and on Behalf
of the NATIONAL LABOR RELATIONS BOARD,
et al., Petitioners-Appellees
Cross-Appellant,
v.
FRY FOODS, INC., Respondent-Appellant Cross-Appellee.
 Nos. 77-3447, 77-3448.
 United States Court of Appeals,
Sixth Circuit.
 April 20, 1979.
 
 Robert J. Affeldt, Frank Landry, Robert J. Affeldt, Inc., L.P.A., Sylvania, Ohio, Gerald Lackey, Green, Lackey, Newcomer & Harris, Toledo, Ohio, Bernard Kleiman, United Steelworkers of America, Pittsburgh, Pa., United Steelworkers of America, AFL-CIO-CLC, Fremont, Ohio, Michael Lange, Tiffin, Ohio, for respondent-appellant cross-appellee.
 Bernard Levine, Regional Director, N.L.R.B., Region 8, Cleveland, Ohio, Joseph E. Mayer, Asst. Gen. Counsel, Milford R. Limesand, Deputy Associate Gen. Counsel, June M. O'Connell, Atty., N.L.R.B., Washington, D. C., for petitioners-appellees cross-appellant.
 Before EDWARDS, Chief Judge, MERRITT, Circuit Judge, and CECIL, Senior Circuit Judge.
 
 ORDER
 
 1
 The Regional Director and the Employer both appeal from the District Court's issuance of a temporary injunction pursuant to § 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j) (1976). The injunction ordered the Employer to cease and desist from certain acts pending adjudication by the NLRB of charges that the employer had committed unfair labor practices. By its own terms, the § 10(j) injunction expired upon "the final disposition of the matters involved before the National Labor Relations Board." During the pendency of these appeals, the NLRB adjudicated the unfair labor practice claims. 241 N.L.R.B. No. 42 (March 15, 1979). The Board's order is reviewable either in an enforcement proceeding under § 10(e) of the Act, 29 U.S.C. § 160(e), or in an appeal by the Employer under § 10(f), 29 U.S.C. § 160(f) (1976).
 
 
 2
 It is the Court's opinion that the NLRB's final adjudication of the underlying labor dispute rendered the instant appeals from the temporary injunction moot and that the appeals, therefore, should be dismissed. Our decision today reflects no opinion as to the validity of the District Court's § 10(j) injunction, to the extent that the validity of the injunction may be relevant in any review of the NLRB's March 15, 1979, order or in any other, collateral proceeding not currently before this Court.
 
 
 3
 Accordingly, the appeals should be, and hereby are, dismissed.